Mr. Justice Clayton
delivered the opinion of the court.
This was an action of ejectment, commenced April 1, 1845, in the circuit court of Wilkinson county, for a tract of land. The plaintiff derives title from a deed of gift executed to him by Bernard McCrossin on the 12th of December, 1826, “ for four hundred and twelve acres of all of a certain tract of land purchased by said Bernard from the United States, containing one thousand and twenty arpents, and known and distinguished as follows: Bounded on the north by lands of Mrs. Poole, on the south by lands of Walter Shropshire, on the west by lands of James McNeely, and on the east by public lands, being the same which was improved in part by Mr. Herring.”
The defendants claim title under a judgment in attachment against Bernard McCrossin, commenced in November, 1826, and consummated by sale in June, 1827. The plaintiff insists that this sale was void, because the judgment was obtained without due publication of notice, and because the execution was not authorized by law.
The attachment was against the defendant as an absconding *321 debtor. The affidavit of publication states that the order had been published in the county for four weeks successively, once every week, commencing on the 24th of April last, and ending on the 5th day of May, in the Woodville Republican. The statute requires publication to be made for four weeks successively. Hutch. Code, 804, § 16.
The first question is, whether this proof of publication was sufficient to authorize the rendition of the judgment. It has already been decided that a liberal construction should be placed upon the attachment law, so as to give effect to its provisions. Dandridge v. Stevens, 12 S. & M. 723. The affidavit that the publication had been made four weeks successively, was a compliance with the terms of the statute, and was as much as was required. If it had stopped at this point, it would have been entirely sufficient. It proceeds, however, to state that the advertisement was made from the 24th of April till the 5th of May; and this statement of dates shows that there could not have been four weeks between them. This makes a construction of the affidavit necessary. In the first place, it may be remarked that the latter part of the affidavit is surplusage, and ought not to be permitted to vitiate the previous part, which is good and sufficient. If the fact had been intentionally misstated, that there had been a publication for four weeks, nothing short of absolute stupidity would have put in the same affidavit the 'means of convicting the party of perjury, when there was no necessity for the statement. The probability, then, is, that there is a mistake in the affidavit itself of one of the dates, and this probability is increased, when it is observed that the order of publication was made on the 14th of March, allowing ample time for a full publication. We should not, therefore, feel justified in holding that the judgment against the defendant in the attachment was void.
Under the execution which issued upon this judgment, those under whom the defendants claim became the purchasers. This execution was an ordinary fieri facias. It is now insisted that the sale is invalid, because the execution should have issued only against the property attached.
*322 The 23d section of the attachment law, as contained in How. <fc Hutch. Dig. 552, provides, that “ if any attachment as aforesaid, returnable to any court of record or before a justice of the peace, shall be returned executed, and the estate, real and personal, attached, shall not be replevied, or defence shall not be made as this act directs, the plaintiif shall be entitled to a judgment for his whole debt and costs, and may take execution thereupon; and all the estate, real and personal, attached and not replevied as aforesaid, shall be sold and disposed of, for and towards satisfaction of the plaintiffs judgment, in the same manner as property taken in execution upon a writ of fieri facias.” By the '30th section of the same act, it is provided, “ that if judgment by default shall be entered on any attachment against the estate of the defendant, in any court of this state, no execution shall issue thereon, except against the goods and chattels, lands and tenements, on which the attachment may have been served.”
As both these sections are parts of the same act, it is our duty to place such construction upon them as will make them harmonize, if there is any inconsistency in them. This- may be' done by holding the latter to operate as a restriction upon the extent of the former, and to declare more plainly that none but the lands and goods attached shall be sold under the execution, and to limit the execution itself to those specific portions of property. This would probably have been the construction of the first section, if it stood alone, but the second seems to have been adopted out of abundant caution, to exclude the possibility of doubt.
The judgment in the attachment in this case directs, “that the lands and tenements, attached as aforesaid, shall be sold and disposed of, for and towards satisfaction of the said judgment.” The execution was in the common form of fieri facias, directing the money to be made out of the lands and tenements, goods and chattels, of the defendant, without specifying those which had been attached. At the sale, one Benjamin Eckles, under whom the defendants claim, became the purchaser, and there is no proof that he had any notice of irregularity in the process or sale.
*323 If, in point of fact, the lands attached and condemned to be sold were the lands really sold, we cannot but regard the sale as valid, though it took place under an execution general in its description of the property to be sold. There was a valid judgment, and if there were any defect in the execution, it was merely clerical and formal; for this, we should not be authorized to set aside the sale. See City of Natchez v. Minor, 10 S. & M. 246.
A question has been made as to the sufficiency of the description of the land contained in the deed under which the plaintiff claims. It is perhaps unnecessary to decide this. The defendants claim the whole land by virtue of the purchase. The debt upon which the judgment was rendered was antecedent to the deed of Bernard to Thomas McCrossin. That deed was voluntary and without pecuniary consideration. It cannot stand as against a creditor whose debt was valid and subsisting at the date of such deed. But we may add that we are strongly impressed with the belief, that the description in the deed, as already set out, is too vague to convey an interest in any certain portion of the tract. It refers to the boundaries of the whole one thousand and twenty arpents, not of thé four hundred ánd twelve acres; and there is nothing to show that this four hundred and twelve acres should be located in one part, rather than another, of the whole tract. That the description relates to the boundaries of the whole, and not merely the four hundred and twelve acres, is manifest from the fact that it does not call to be bounded in any part by the residue of the tract, — a call which would have been inevitable in carving a part out of the whole. We cannot see, therefore, how a right can be established, under this deed, to any definite and particular portion.
It is true that if, in a declaration in ejectment, a party claim the whole of a tract of land, he may recover an undivided part, if he establish title to such part. Van Alstyne v. Speaker, 13 Wend. 579. But that principle does not avail the plaintiff in this instance. He has recovered a specific part, and the question is, whether his deed authorizes such recovery. The witnesses, who were called to identify the land, were shown a *324 survey of lands, on which patents issued in 1833 to Bernard McCrossin, and stated that the defendants were in possession of the lands pointed out to them as the McCrossin land. Yet they did not know the numbers of the land, or its divisions. This survey, and the evidence under it, related to the patents; but there was no evidence to show that these patents embraced the land in the deed under which the lessor claims. It was not necessary for the defendant to deraign his title in the case farther than he did, as his possession was a sufficient defence, until a paramount title to the same land was shown. There was not sufficient proof of identity to warrant the recovery.
For these reasons the judgment must be reversed, and a new trial awarded.
Mr. Justice Smith, having been counsel, gave no opinion.